

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:01-CR-144** |
| | § | |
| **MICHAEL LEE CITY** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Michael Lee City, violated conditions of supervised release imposed by United States District Judge Richard A. Schell. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #41) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on January 4, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On January 8, 2002, The Honorable Richard A. Schell, United States District Judge, sentenced Michael City after he pled guilty to the offense of Possession With Intent to Distribute 50 Grams or More of Cocaine Base, a Class A felony. Judge Schell originally sentenced the defendant to 130 months imprisonment, followed by five years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare and a $100 special assessment.

On January 23, 2009, Judge Schell amended the judgment to reduce Mr. City's term of

imprisonment from 130 months to 122 months, with the same term and conditions of supervised release as ordered in his original conviction.

On September 16, 2009, Mr. City's conditions of supervised release were modified to include the defendant shall reside in a residential reentry center or similar facility, in a prerelease component, for a period not to exceed 180 days to commence upon release from confinement, and shall observe the rules of that facility.

On September 23, 2009, Michael Lee City completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

On September 30, 2011, Mr. City was arrested by the PAPD [Port Arthur Police Department] for the offense of Possession of Controlled Substance. On November 3, 2011, Mr. City was indicted for this conduct, cause no. 11-12868, 252nd District Court, Jefferson County, Texas.

### C. Evidence presented at Hearing

At the hearing, the Government proffered evidence as its factual basis for the allegations set out *supra*. The Government would establish that Mr. City was in fact indicted on November 3, 2011, for possession of a controlled substance in cause number 11-12868. Mr. City also admitted to his probation officer that he was arrested on September 30, 2011, for possession of a controlled substance. Mr. City signed an admission form stating this on October 7, 2011, in the presence of

his probation officer. The admission form was admitted into the record as the Government's Exhibit 1.

Defendant, Michael Lee City, offered a plea of true to the allegation in the petition. Specifically, Mr. City agreed with the evidence presented and pled true to the allegation that he was arrested for possession of a controlled substance and then indicted for the same conduct in violation of his supervision conditions in this case. He does not admit to any of the elements of the charged state crime, but he does agree that there is probable cause to indict him for that conduct and that the Government can establish the alleged conduct by a preponderance of the evidence.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being arrested and indicted for a new state crime while on supervised release and the Government could prove that he committed the alleged state crime by a preponderance of the evidence.

If the Court finds that Mr. City violated his supervision conditions in the manner stated above, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of IV and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 12 to 18 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions by being arrested and indicted for a new state crime while on supervised release. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order the defendant, Michael Lee City, to serve a term of **fifteen (15) months imprisonment** with no further supervision to follow in this case. Pursuant to the defendant's request, the Court also

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

recommends that Mr. City be placed in the Federal Correctional Institution in Fort Worth, Texas, to serve his prison term, if possible.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of January, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE